UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:  09-80812CIV MARRA/JOHNSON

MARIE DEBROSSE, individually
and as Personal Representative of
the Estate of RUBEN DEBROSSE,

    Plaintiff,

vs.

RIC L. BRADSHAW in his official capacity as the
Sheriff of Palm Beach County, and
THE VILLAGE OF ROYAL PALM BEACH, a
Florida municipal corporation, and ERIC A. BETHEL,
Individually,
    Defendants.
_____/

## DEFENDANT, ERIC A. BETHEL'S ANSWER & AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

**COMES NOW**, the Defendant, **ERIC A. BETHEL**, through his undersigned attorney, files this his Answer and Affirmative Defenses to the First Amended Complaint as follows:

1. This defendant is without knowledge to the allegations contained in paragraphs 1, 2 and 3, and therefore denies same.

2. Paragraph 4 is denied but venue is not contested.

3. It is admitted that decedent Ruben DeBrosse was a minor and resident of Palm Beach County at all material times.  The rest of paragraph 5 is denied.

1

4. It is admitted that Plaintiff Marie DeBrosse is suie juris and a resident of Palm Beach County as alleged in paragraph 6. The rest of paragraph 6 is denied.

5. Paragraph 7 is admitted.

6. The defendant is without knowledge as to the allegations contained in paragraph 8 and therefore denies same.

7. It is admitted that defendant Eric Bethel is and was at all times a deputy sheriff as alleged in paragraph 9. The rest of paragraph 9 is denied.

8. The defendant is without knowledge as to the allegations contained in paragraph 10 and therefore, denies same.

9. It is admitted as alleged in paragraph 11 that the decedent was driving through the Village of Royal Palm Beach, it is admitted that he pulled into the Regal movie theater, it is admitted he was followed by Defendant, Bethel, and it is admitted that a vehicle tag check was done on the vehicle driven by decedent. However, the tag check was run long before the decedent pulled into the Regal movie theater.

10. Paragraph 12 is denied.

11. Paragraphs 13 and 14 are admitted.

12. Paragraphs 15 and 16 are denied.

13. This defendant is without knowledge as to the allegations contained in paragraphs 17, 18, and 19 of the complaint, and therefore deny same.

14. Paragraphs 20, 21, 22, 23, 24, and 25 are denied.

15. This defendant is without knowledge as to the allegations contained in paragraph 26 and therefore denies same.

### COUNT I- Wrongful Death as to Defendant Sheriff

Count I is against the Defendant, Ric L. Bradshaw, Sheriff and therefore no response is given to Count I.

### COUNT II – Wrongful Death as to Defendant Bethel

16. Inasmuch as paragraph 36 realleges and readopts the allegations contained in paragraphs 1 through 26, the answers to those paragraphs are readopted and realleged as if more fully set forth herein.

17. This defendant denies the allegations contained in paragraphs 37, 38, 39 and 40 of the first amended complaint.

18. This defendant is without knowledge as to the allegations contained in paragraphs 41 and 42 and therefore denies same.

### COUNT III – Wrongful Death as to Defendant Village

19. Inasmuch as Count III does not name this defendant, no response is given to Count III.

### COUNT IV – Excessive Force as to Defendants Sheriff and Village

20. Inasmuch as Count IV does not name this defendant, no response is given to Count IV.

### COUNT V- Survivorship Claim as to Defendants Sheriff and Village

21. Inasmuch as Count V does not name this defendant, no response is given to Count V.

### COUNT VI –Excessive Force as to Defendant Bethel

22. Inasmuch as paragraph 62 realleges and readopts the allegations contained in paragraphs 1 through 26, the answers to those paragraphs are readopted and realleged as if more fully set forth herein.

23. This defendant is without knowledge as to the allegations contained in paragraphs 63 and 64 of the first amended complaint and therefore, deny same.

24. This defendant denies the allegation contained in paragraph 65 of the first amended complaint.

25. This defendant is without knowledge as to the allegations contained in paragraph 66 of the first amended complaint and therefore denies same.

26. This defendant denies the allegations contained in paragraphs 67 and 68 of the amended complaint.

### COUNT VII – Survivorship Claim as to Defendant Bethel

27. Inasmuch as paragraph 69 realleges and readopts the allegations contained in paragraphs 1 through 26, the answers to those paragraphs are readopted and realleged as if more fully set forth herein.

28. This defendant is without knowledge as to the allegations contained in paragraph 70 and therefore deny same.

29. This defendant denies the allegations contained in paragraphs 71 and 72 of the amended complaint.

### COUNT VIII- Substantive Due Process- all Defendants

30. This count is a substantive due process count, and a Motion to Dismiss filed on behalf of the Defendant, Ric L. Bradshaw, Sheriff is adopted as if it were filed by this defendant for Count VIII fails to state a cause of action upon which relief can be granted.

### AFFIRMATIVE DEFENSES

1. At all times material hereto the Defendant, Bethel, is entitled to qualified immunity.

2. At all times material hereto the death of Ruben DeBrosse was a direct result of his own actions.

3. The force used by the Defendant, Bethel, was reasonable under the circumstances

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to Bruce Jolly, Esq., Purdy, Jolly, Guiffreda & Barranco, P.A., 2455 East Sunrise Blvd., Suite 1216, Ft. Lauderdale, Fl. 33304,Michael Piper, Esq., Johnson, Anselmo, et al., 2455 East Sunrise Blvd., Suite 1000, Ft. Lauderdale, Fl. 33304 and to Valentin Rodriguez, Esq., 11380 Prosperity Farms Road, Suite 204, Palm Beach Gardens, Fl. 33410 on this 30th day of July 2009.

FRED H. GELSTON, P.A.
601 N. Dixie Highway, Ste. C
West Palm Beach, Fl 33401
561-832-5999
561-832-2533 fax

By:  /s/ Fred H. Gelston
  Fred H. Gelston, Esq.
  Fla. Bar No.: 173506