UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80812-CIV-MARRA/JOHNSON

MARIE DEBROSSE, individually
and as Personal Representative
of the Estate of RUBEN DEBROSSE,

      Plaintiff

vs.

RIC L. BRADSHAW, in his official capacity
as Sheriff of Palm Beach County, and THE
VILLAGE OF ROYAL PALM BEACH, a Florida
municipal corporation, and ERIC A. BETHEL,

      Defendants.

_____/

## ORDER AND OPINION GRANTING SHERIFF'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Sheriff's Motion to Dismiss

Count VIII [DE 10].  The motion is fully briefed and ripe for review.  The Court has

carefully considered the filings and is otherwise fully advised in the premises.

## Introduction

The Plaintiff brings this action in both a personal and representational capacity

as personal representative of the estate of Ruben DeBrosse ("DeBrosse").  Plaintiff

seeks an award of damages for the wrongful death of her son against Ric L. Bradshaw,

in his official capacity as Sheriff of Palm Beach County ("Sheriff"), Palm Beach

County Sheriff's Deputy Eric A. Bethel ("Bethel") individually, and the Village of

Royal Palm Beach ("Village"), a Florida municipal corporation.  The underlying

incident relates to the shooting death of Ruben DeBrosse by Bethel.  Defendant

Sheriff moves for dismissal of Count VIII asserting that it fails to state a claim upon which relief may be granted.

**Factual Background**

The First Amended Complaint alleges and the Court accepts as true for purposes of the instant motion the following:  On or about August 2, 2008, Bethel was performing law enforcement services for the Village of Royal Palm Beach.  Compl. ¶ 9.  On this day, decedent DeBrosse was driving through the Village of Royal Palm Beach.  When DeBrosse pulled into the Regal movie theater, Bethel followed him and ran a vehicle tag check on DeBrosse's car .  Compl. ¶ 11.  The vehicle was reported stolen by a rental car agency.  Compl. ¶¶ 11-12.  Debrosse was a minor (15 years old) and had not yet obtained his driver's license.  Compl. ¶ 14.

Bethel did not activate his blue lights or otherwise try to stop DeBrosse. Compl. ¶ 12.  Instead, Bethel called ahead to Deputy Russel Jackowitz at the movie theater and advised him that the car being driven by DeBrosse had been reported stolen.  *Id.*  Deputy Jackowitz drove toward DeBrosse's car, with his blue lights on, and parked near the front of the car.  He did not order DeBrosse out of his car. Compl. ¶ 13.

DeBrosse backed up and bumped the bumper of Bethel's patrol car.  Compl. ¶ 15.  There was no damage to the vehicle and Bethel was not injured.  *Id.*  Eyewitness accounts reveal that Bethel then exited his vehicle and shouted at DeBrosse to exit his vehicle.  DeBrosse did not exit his vehicle but drove forward instead.  Bethel then

fired four bullets at DeBrosse.  Two of them fatally struck DeBrosse in the back and in the rear of his head.  Compl. ¶ 16.

DeBrosse, at this point unconscious, remained in the car as it kept going forward until it careened into a nearby pole and tree.  Compl. ¶ 17.  The passenger was removed from the vehicle and DeBrosse was left in the vehicle until paramedics arrived.  Compl. ¶ 18.  DeBrosse died shortly thereafter at the scene.  Compl. ¶ 19.

Count VIII (Substantive Due Process: 42 USC § 1983 as to all Defendants) alleges:  That Plaintiff, DeBrosse's mother, has a constitutional right of companionship with Debrosse, her minor child, and to raise him the way in which she wishes; that Bethel acted with the intent to cause harm to DeBrosse unrelated to any legitimate purpose, when he fired multiple shots at DeBrosse as he was driving away from Bethel; that given the facts of this case, the actions of Bethel were arbitrary and conscience shocking; and that Plaintiff has standing to assert a § 1983 substantive due process claim in that she has been denied the right of association, companionship, and the ability to raise her minor child, because of the acts of Bethel.  Compl. ¶¶ 74- 77.  As a result to the acts of Bethel, Plaintiff demands compensation for the loss of companionship; loss of support and services, plus interest; mental pain and anguish; and reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

<u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) permits a party to challenge the "facial sufficiency of a claim for relief." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). When determining the proper outcome of a Rule 12(b)(6) motion, the allegations laid out in a complaint are presumed to be true and are viewed in a manner favorable to the plaintiff. *S.E.C. v. ESM Group. Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). The plaintiff needs only to set forth in her complaint, "a short and plain statement of the claim showing that the pleader is entitled to relief," and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations omitted).

<u>Discussion</u>

Defendant, Ric L. Bradshaw, Sheriff of Palm Beach County, Florida, moves to dismiss Count VIII of the complaint arguing that the allegations contained in that count do not support an individual constitutional claim.  The Sheriff contends that Plaintiff has failed to state a cause of action because she has not alleged that Bethel had a *specific intention to interfere* with the familial relationship existing between Plaintiff and DeBrosse.  The Sheriff asserts, "[w]here Plaintiff does not allege and cannot allege that the complained of deprivation was anything other than incidental to the actions about which she is complaining, no substantive due process claim exists."  DE 10 at 3.

Plaintiff responds that the Sheriff is mistaken and that she has clearly alleged that Bethel acted with intent to cause harm to DeBrosse, and that such act operated to deprive Plaintiff of her ability to associate with her son, as well as to be his companion and to raise him.  Plaintiff points to the following paragraphs:

> 74.   Plaintiff, who was the parent of the decedent, has a constitutional right of companionship with a minor child, the decedent, and to raise him the way in which she wishes.

> 75.   Defendant Bethel acted with the intent to cause harm to Ruben DeBrosse unrelated to any legitimate purpose, when he fired multiple shots at him as he was driving away from Defendant Bethel.

> 77.   Plaintiff Marie DeBrosse, individually, has standing to assert a Section 1983 substantive due process claim in that she has been denied the right of association, companionship, and the ability to raise her minor child, because of the acts of Defendant Bethel.

In *Robertson v. Hecksel*, 420 F.3d 1254, 1257 (11th Cir. 2005) *cert. denied*, 12547 U.S. 1162 (2006), the Eleventh Circuit stated, "[a] parent's due process right to the care, custody, and control of her children is 'perhaps the oldest of the fundamental liberty interests recognized by [the Supreme] Court'" (citing  *Troxel v. Granville,* 530 U.S. 57, 66 (2000)).  The Supreme Court has also found that "the relationship of love and duty in a recognized family unit is an interest in liberty entitled to constitutional protection." *Lehr v. Robertson*, 463 U.S. 248, 258 (1983) (citations omitted).

However, § 1983 claims asserting the deprivation of an individual's rights because of the death of a family member are not recognized in all circumstances. For instance, in *Hecksel*, the Eleventh Circuit affirmed summary judgment against the mother and held that "the Fourteenth Amendment's substantive due process protections do not extend to the relationship between a mother and her *adult* son...." 420 F.3d at 1255 (emphasis supplied).  In reaching its decision, the Eleventh Circuit noted that multiple other circuits have refused to recognize similar due process claims where "the alleged deprivation was incidental to the defendant's actions." *Id*. at 1258.

"The 'Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.'" *Hecksel*, 420 F.3d at 1260, n.5 quoting *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  The

court went on to state that even though the plaintiff had alleged the law enforcement officer's actions were "willful, malicious and engaged in with callous and reckless indifference to" the decedent's rights, and as a result the decedent's mother was deprived of her constitutionally protected rights, the allegations as to the mother's rights did not arise to more than negligence, and "mere causation is not enough to satisfy *Daniels.*" *Id.* Thus, the Eleventh Circuit recognized that even in cases where a due process right exists, as is the case with the relationship between a parent and a minor child, there must be an allegation that the wrongdoer intended to interfere with the constitutional rights of the parent. The harm cannot be merely incidental to a wrong committed against the child.

Here, Plaintiff has alleged that Bethel "acted with the intent to cause harm to Ruben DeBrosse unrelated to any legitimate purpose," and as a result of Bethel's actions Plaintiff, the mother, was deprived of her constitutionally protected rights. But Plaintiff's allegation of intent is targeted at DeBrosse's rights. Plaintiff has not alleged any intentionally wrongful act as to her own rights. Plaintiff's allegations of intentional harm as to DeBrosse's rights may have resulted in an incidental deprivation of her rights, but the alleged incidental harm does not state a constitutional violation as to Plaintiff. Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendant Sheriff's Motion to Dismiss Count VIII **[DE 10] is GRANTED**. Plaintiff should be given one additional opportunity to state a

valid due process claim, if she can do so in good faith .[1]  Therefore, Count VIII is

dismissed without prejudice.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 4th day of March, 2010.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record

---

[1] If Plaintiff does attempt to replead Count VIII and attempts to allege an intention on behalf of Bethel to interfere with Plaintiff's familial relationship with her son, she needs to be mindful of the requirement of Fed.R.Civ.P. 11(b)(3).