UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80812-CIV-MARRA/JOHNSON

MARIE DEBROSSE, individually
and as Personal Representative
of the Estate of RUBEN DEBROSSE,

    Plaintiff

vs.

RIC L. BRADSHAW, in his official capacity
as Sheriff of Palm Beach County, and THE
VILLAGE OF ROYAL PALM BEACH, a Florida
municipal corporation, and ERIC A. BETHEL,

    Defendants.
_____/

## ORDER AND OPINION ON THE VILLAGE'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant, Village of Royal Palm Beach's, Motion to Dismiss [DE 6].  The motion is fully briefed and ripe for review.  The Court has carefully considered the filings and is otherwise fully advised in the premises.

## Introduction

The underlying incident relates to the shooting death of Ruben DeBrosse ("DeBrosse") by Palm Beach County Sheriff's Deputy Eric A. Bethel ("Bethel").  The Plaintiff, DeBrosse's mother, brings this action in both a personal and representational capacity as personal representative of DeBrosse's estate.  Plaintiff seeks an award of damages for the wrongful death of her son against Ric L. Bradshaw, in his official capacity as Sheriff of Palm Beach County ("Sheriff"), Deputy Bethel individually, and the Village of Royal Palm Beach ("Village"), a Florida municipal

corporation.  Plaintiff sues the Village for wrongful death pursuant to Florida's Wrongful Death Act, codified in §§ 768.16-768.26, Florida Statutes (Count III), excessive force under 42 U.S.C. § 1983 ("§ 1983") (Count IV), "survivorship" under § 1983 (Count V), and "substantive due process" under § 1983 (Count VIII).

Plaintiff claims liability on the part of Village based on an alleged agency relationship between Bethel and the Village.  The agency relationship allegedly arises from a contract between the Village and the Palm Beach County Sheriff's Office ("PBSO") for the provision of law enforcement services.  *See* Compl. ¶¶ 8-9, 26, 44, 48; Ex. A-1, A-2.  The Complaint contains no operative factual allegations of wrongdoing against the Village.  The Complaint merely alleges that the incident "occurred within the jurisdictional limits of the Village" and that the Village "had contracted with the Sheriff to provide law enforcement services. . ."  Compl. ¶¶ 8-9.

Defendant Village moves to dismiss the complaint asserting that Plaintiff's wrongful death claim against the Village is barred by statutory immunity and that the complaint fails to state a § 1983 claim against the Village.

**Factual Background**

The First Amended Complaint alleges, and the Court accepts as true for purposes of the instant motion, the following:  On or about August 2, 2008, Bethel was performing law enforcement services for the Village of Royal Palm Beach by contractual agreement via Defendant Bradshaw.  Compl. ¶ 9.  On this day, decedent DeBrosse was driving through the Village of Royal Palm Beach.  When DeBrosse pulled

into the Regal movie theater, Bethel followed him and ran a vehicle tag check on DeBrosse's car.  Compl. ¶ 11.  The vehicle was reported stolen by a rental car agency.  Compl. ¶¶ 11-12.  Debrosse was a minor (15 years old) and had not yet obtained his driver's license.  Compl. ¶ 14.

Bethel did not activate his blue lights or otherwise try to stop DeBrosse.  Compl. ¶ 12.  Instead, Bethel called ahead to Deputy Russel Jackowitz at the movie theater and advised him that the car being driven by DeBrosse had been reported stolen.  *Id*.  Deputy Jackowitz drove toward DeBrosse's car, with his blue lights on, and parked near the front of the car.  He did not order DeBrosse out of his car.  Compl. ¶ 13.

DeBrosse backed up and bumped the bumper of Bethel's patrol car.  Compl. ¶ 15.  There was no damage to the vehicle and Bethel was not injured.  *Id*.  Eyewitness accounts reveal that Deputy Bethel then exited his vehicle and shouted at DeBrosse to exit his car.  DeBrosse did not stop or get out of the car but drove forward instead.  Bethel then fired four shots at DeBrosse.  Two of them fatally struck DeBrosse in the back and in the rear of his head.  Compl. ¶ 16.

DeBrosse, at this point unconscious, remained in the car as it kept going forward until it careened into a nearby pole and tree.  Compl. ¶ 17.  The passenger was removed from the vehicle and DeBrosse was left in the vehicle until paramedics arrived.  Compl. ¶ 18.  DeBrosse died shortly thereafter at the scene.  Compl. ¶ 19.

Pursuant to an Agreement for Law Enforcement Services ("Contract"), the Village assigned law enforcement services to the Sheriff effective October 1, 2006, and has operated under addendums to that Contract each year thereafter.  Compl. Ex. A-2.  Under the Contract, PBSO is defined as an independent contractor of the Village.  Compl. Ex. A-1 at 16.  The Contract provides that PBSO maintains "the responsibility for and control of the delivery of [law enforcement] services, the standards of performance, the discipline of personnel, and other matters incident to the performance of services, duties, and responsibilities. . ." *Id*. at Art. 3, § 3.2(A), at 10.  Under Article 9, the Sheriff agrees to indemnify the Village from any and all claims or suits resulting from the intentional or negligent acts of the Sheriff's employees while in performance of the agreement.  *Id*. at Art. 9, § 9.1, at 15.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a party to challenge the "facial sufficiency of a claim for relief." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).  When determining the proper outcome of a Rule 12(b)(6) motion, the allegations laid out in a complaint are presumed to be true and are viewed in a manner favorable to the plaintiff.  *S.E.C. v. ESM Group. Inc.*, 835 F.2d 270, 272 (11th Cir. 1988).  The plaintiff needs only to set forth in her complaint, "a short and plain statement of the claim showing that the pleader is entitled to relief," and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S.Ct. at 1964-65 (citations omitted).

In ruling on a motion to dismiss, the Court may consider not only the complaint but also the exhibits attached to it.  *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.") (quotation marks omitted); *see also Brooks*, 116 F.3d at 1368 ("[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto").  Accordingly, the Court may review and consider, if necessary, the Contract entered into between the Village and PBSO which is attached to the Complaint.

**Discussion**

The Village moves to dismiss the First Amended Complaint arguing that it contains no allegations sufficient to impose municipal liability on the part of the Village pursuant to 42 U.S.C. § 1983.  The Village asserts "[t]he Contract clearly defines the relationship as an independent contract, and, contrary to the Plaintiff's

assertion that PBSO Deputy Bethel was an agent of the Village, the Village maintained **no control** over the functions and operations of the PBSO and/or PBSO Deputy Bethel." DE 6 at 3 (emphasis in original).  The Village further argues that even if the existence of an agency relationship existed between Bethel and the Village, the Village does not have *respondeat superior* liability for the alleged constitutional torts of its employees.

Plaintiff presents several questions or issues she maintains are determinative in this case.  For instance, Plaintiff states, "the real question is whether a municipality, such as the Village, that contracts with a Sheriff to provide law enforcement services within its territorial jurisdiction, is a proper-party defendant to an action relating to the delivery of those law enforcement services within its territorial jurisdiction," or "the issue is really whether the contractual agreement places joint responsibility on both the Sheriff and the Village for rendition of law enforcement services, under Florida law," or "[t]he question is whether the Sheriff, by providing the municipal law enforcement services, completely absolves that municipality of any responsibility for acts occurring within the municipality by the Sheriff, who is acting on behalf of the Village by contract."  DE 14 at 3-4.  Plaintiff encourages the Court to glean from the Contract that the Village retained control over a certain level of law enforcement service vis-a-vis the ability to claim a breach of the Contract, and that deputies serving under the Contract are deemed to be sworn officers of the Village while performing such services which constitute municipal functions.  Examining the terms

of the Contract is not the place to begin when determining whether a valid § 1983 claim against a municipality has been stated.

**Federal Claims**

As previously stated, Plaintiff claims liability on the part of the Village based on an alleged agency relationship between PBSO Deputy Bethel and the Village pursuant to the Contract between the Village and PBSO for the provision of law enforcement services. Compl. ¶¶ 8-9, 26, 44, 48, Exs. A-1, A-2. The complaint, however, contains no factual allegations of wrongdoing against the Village. Plaintiff's § 1983 claims against the Village are asserted exclusively "vis-a-vis the Sheriff." DE 14 at 4. While the complaint alleges § 1983 claims based upon PBSO's customs, policies and practices, these allegations are insufficient to state a claim of § 1983 liability against the Village. Comp. ¶¶ 52, 54.

Under § 1983, municipalities may not be held liable on a theory of *respondeat superior*. *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 691 (1978); *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1270 (11th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). A municipality may only be held liable where an "official policy" *of the municipality* causes a constitutional violation. *See Monell*, 436 U.S. at 694; *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). In order to establish a municipality's policy, a plaintiff must identify either (1) an officially promulgated municipality policy, or (2) an unofficial custom or practice of the municipality shown through the repeated acts of a final policymaker for the municipality. *See Grech*, 335 F.3d at 1329 (citing *Monell*, 436 U.S. at 690-91). "Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation," most plaintiffs must demonstrate the latter. *Id*. at 1330. In *Pembaur*, the Supreme Court held that "municipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." 475 U.S. at 483-84 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)).

Plaintiff's attempt to rely upon an alleged agency relationship between the Village and the Sheriff is unavailing. This asserted agency relationship places the Village in no different position than it would be if the offending law enforcement officer was one of its own employees. Plaintiff would have to allege a policy or practice of the Village which makes the wrongful conduct its own. To hold otherwise would impose *respondeat superior* liability upon the Village which is impermissible under the law. Since Plaintiff has no allegations against the Village linking a custom or policy of the Village as the moving force behind the alleged constitutional deprivation, the Village's motion to dismiss Count IV, Count V, and Count VIII, which

claims are brought pursuant to 42 U.S.C.§ 1983, must be granted.

**State Law Claim**

In Count III, Plaintiff asserts a wrongful death claim against the Village pursuant to Florida's Wrongful Death Act, codified in §§ 768.16-768.26, Florida Statutes. The purpose of the Wrongful Death Act is to "shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer." § 768.17, Fla. Stat; *see also Fla. Convalescent Ctrs. v. Somberg*, 840 So.2d 998, 1008 (Fla. 2003) (stating that purpose of the Act is "to provide recovery to those who need it, specifically the surviving spouse, children, and dependents of the decedent") (citation omitted). The Act is remedial in nature and must be liberally construed. § 768.17, Fla. Stat. For purposes of this motion to dismiss, the statute, in pertinent part, provides:

> Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for . . . personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment . . . may be prosecuted subject to the limitations specified in this Act.

§ 768.28(1), Fla. Stat. Additionally,

> **The exclusive remedy** for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers **shall be by action against the governmental entity, or the head of such entity in her or his official capacity . . .of which the officer, employee, or agent is an employee**, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9)(a), Fla. Stat. (emphasis added).  "The phrase 'exclusive remedy' is used in § 768.28(9)(a) to clarify the point of the statute:  that an injured plaintiff may not sue a public employee but must instead sue the agency responsible for the employee's conduct."  *Andrew v. Shands at Lake Shore, Inc.*, 970 So.2d 887, 890 (Fla. Dist. Ct. App. 2007); *see also Hollingsworth v. Brown*, 788 So.2d 1078, 1079 (Fla. Dist. Ct. App. 2001).

The basis of all of claims is the conduct of PBSO Deputy Bethel.  The Village asserts that Count III against it for DeBrosse's wrongful death must be dismissed because it is not the employer of Bethel or responsible for Bethel's conduct.  For this proposition, the Village relies on various terms of the Contract including that which defines PBSO as an independent contractor for the Village.  Plaintiff, however, alleges that Bethel is an agent of the Village.  Compl. ¶ 29, 44.  At this point, the Court is unable to determine as a matter of law the nature of the legal relationship between the Village and the PBSO.  Accordingly, Count III will not be dismissed at this time.   Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendant, Village of Royal Palm Beach's, Motion to Dismiss [DE 6] is GRANTED in part and DENIED in part.  Counts IV, V, and VIII are dismissed as to the Village of Royal Palm Beach without prejudice.  Although the Court does not believe Plaintiff can amend the complaint to state the necessary § 1983 allegations against the Village, she should be given one additional opportunity to

do so.[1]  If Plaintiff is not able to assert any valid federal claims, the Court may exercise its discretion not to retain supplementary jurisdiction over the state law claim.[2]

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of March, 2010.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record

---

[1] If Plaintiff does attempt to replead Counts IV, V and VIII, she needs to be mindful of the requirement of Fed.R.Civ.P. 11(b)(3).  *See also* this Court's Order and Opinion Granting Sheriff's Motion to Dismiss entered this same day.

[2] *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000) (a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists.)